IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARMAYNE BROWN,  )
                  )
     Plaintiff,   )
                  )
v.                )  CASE NO. CV418-009
                  )
AMERICAN MOVING & STORAGE, LLC, )
KEVIN ALLEN, and RALPH MCBRIDE, )
                  )
     Defendants.  )
                  )

## O R D E R

Before the Court is the parties' second Joint Motion for Approval of Settlement and Dismissal With Prejudice. (Doc. 34.) Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1350 (11th Cir. 1982), and 29 U.S.C. § 216(b), the Court must scrutinize the proposed settlement of Fair Labor Standards Act ("FLSA") claims for fairness before entering a stipulated judgment. After careful consideration, the Court declines to accept the proposed settlement agreement.

On April 4, 2018, the parties attempted to stipulate to the dismissal of this case after reaching a negotiated settlement. (Doc. 32.) The Court, however, refused to dismiss their case because it involved allegations that Defendants violated the overtime wage provision of the FLSA, 29 U.S.C. § 201 et seq., and the parties failed to file the settlement terms. (Doc. 33.)

This Court also rejected the parties' motion and proposed settlement agreement because the settlement agreement contained an overly broad waiver provision. (Id. at 2-3.) This Court advised the parties to review existing court decisions regarding the settlement of FLSA claims prior to submitting a new settlement agreement. (Id. at 4.)

The parties have now submitted a second Joint Motion for Approval of Settlement and Dismissal with Prejudice. (Doc. 34.) The Court must scrutinize a proposed settlement of FLSA claims and will approve a settlement only if the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food, 679 F.2d at 1354. Because of the issues below, the Court declines to accept the proposed settlement agreement.

First, this Court is unable to properly assess and approve the fairness of the settlement. In their motion, the parties represent that they have settled a bona fide dispute and that

> Defendants had detailed time records and pay records which were exchanged with Plaintiff. Plaintiff was mostly paid an hourly rate at time and a half any hours worked over 40. Plaintiff alleged that she was owed an additional amount in overtime for weeks she was partially paid by a weight based methodology.

2

(Doc. 34 at 2). The parties go on to inform the Court that "a good faith settlement was reached of $2,000.00 representing a good faith compromise for alleged unpaid wages and liquidated damages." (Doc. 34 at 2.) Per the settlement agreement, attached to the joint motion, Plaintiff is to receive $1,000.00 for unpaid wages and $1,000.00 for liquidated damages. (Doc. 34-2 at 2.)

However, the parties have not clearly elaborated on the specifics of the overtime wage claims, which prevents this Court from determining the fairness of the settlement. See Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *2 (S.D. Ga. Oct. 16, 2013) ("In filing the joint motion, the Court emphasizes that certain information is necessary to permit the Court to assess and approve the fairness of the settlement. First, it should be clear from the record that the parties are in fact engaged in a bona fide dispute as to FLSA coverage, the amount of overtime hours claimed, or other amounts due under the FLSA."); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) ("The parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute.").

In Dees, the United States District Court for the Middle District of Florida elaborated on what parties must include in their motion to permit a court to examine the bona fides of the dispute in FLSA cases and stated that

> Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage.

706 F. Supp. 2d at 1241-42.

While the parties in this case summarized generally the bona fide dispute on page two of their joint motion, the motion did not state each party's estimate of the hours worked, the applicable wage or any computation of the back wages that Plaintiff alleges she is owed. Therefore, the Court is unable to assess whether the $1,000.00 for back wages and $1,000.00 for liquidated damages is a fair and reasonable settlement of that dispute. An independent review of the record in this case has also failed to apprise this Court of the specifics of the overtime claims alleged, the computation of the back wages that Plaintiff alleges that she is owed, or each party's estimate of

the hours worked or the applicable wage. The parties must provide the Court with additional information explaining why the proposed settlement is fair and reasonable.[1]

Additionally, the relevant statute provides that this Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). This Court is, therefore, required to review the settlement to ensure that the attorneys' fees are both reasonable and that the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiff for liquidated damages and unpaid overtime wages. Id.; see also Barnes, 2013 WL 5651903, at *2; Morris v. Augusta-Richmond County, Georgia, No. 1:14-cv-196,

---

[1] The parties state in their motion that Defendants have provided detailed time records and pay records to Plaintiff and that "there has been sufficient investigation with respect to Plaintiff's claims in this matter." (Doc. 34 at 2.) Therefore, the parties should be able to amend their motion to include the information necessary for this Court to review the proposed settlement.

5

2017 WL 1078643, at *2 (S.D. Ga. Mar. 21, 2017); Bonetti v. Embarq Mgmt. Co., 715 F.Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that a motion to approve settlement agreement must include a representation that the attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff).

The parties have agreed that Defendant American Moving & Storage, LLC will pay Plaintiff's counsel $1,000.00 for attorneys' fees and costs. (Doc. 34 at 3.) While the Court does not take issue with the amount on its face, the parties have not provided any documentation to this Court in support of the amounts requested for attorneys' fees and costs. The Court cannot fulfill its duty of inquiry without documentation as to how attorneys' fees were computed. See Lynch v. Equity Auto Loan, LLC, No. CV410-058, 2011 WL 13284447, at *1 (S.D. Ga. Feb. 7, 2011). This Court does acknowledge that the parties have advised this Court in their joint motion that the amount to be paid in attorneys' fees and costs resulted from a separate, good faith settlement. (Doc. 34 at 2-3.) However, the parties must state in their motion, and provide documentation, as to how they reached this sum for the Court to carry out its duty to judicially review the reasonableness of counsel's legal fees.

Finally, the Court notes that Defendant American Moving & Storage, LLC, by or through a representative, did not sign the Settlement Agreement and Release.

For the foregoing reasons, the parties' settlement agreement is **REJECTED** and their request that this case be dismissed is **DENIED**. The parties are, however, permitted to file an amended motion that complies with the instructions in this order.

SO ORDERED this 6th day of November 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA